**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARK SCHMITZ, *et al.*,
      Plaintiffs,

   v.

ERICSSON INC., *et al.*,
      Defendants

Civil Action No. 22-2317 (CKK)

**ORDER**
(August 10, 2023)

Under Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403, a federal court must certify to the Attorney General of the United States that the constitutionality of a statute has been questioned. *See* Fed. R. Civ. P. 5.1(b); 28 U.S.C. § 2403. Plaintiffs in the above-captioned matter are U.S. citizens, and their family members, who served in Iraq, Syria, and Afghanistan between 2005 and 202,1 and who were killed or wounded in terrorist attacks committed by al-Qaeda, al-Qaeda-in-Iraq, and/or Islamic State, often working together with other groups as part of global anti-American terrorist coalitions. *See* Am. Compl., ECF No. 42, at ¶ 24. Plaintiffs sued Defendants LM Ericsson, Ericsson Inc., Ericsson AB, Rafiah Ibrahim, and Börje Ekholm under the Anti-Terrorism Act, 18 U.S.C. § 2333, for allegedly helping finance and logistically aid these foreign terrorist organizations. *See id.* ¶ 1.

Defendants have moved to dismiss Plaintiffs' claims. *See* Mot. to Dismiss, ECF No. 44; Mot. to Dismiss, ECF No. 45. In their [44] Motion, they argue that imposing retroactive liability on Defendants in this action under 18 U.S.C. § 2333(d) for alleged conduct that pre-dates the enactment of that provision in the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, § 4, 130 Stat. 852 (Sept. 28, 2016), would contravene the Due Process Clause of the Fifth Amendment. Plaintiffs, as required by Rule 5.1(a)(1), filed a Notice of As-Applied

1

Constitutional Challenge contemporaneous with their response.  *See* Notice, ECF No. 46.

Now, in accordance with the Court's obligations, it is **ORDERED** that pursuant to 28 U.S.C. § 2403, the constitutional challenge raised by the respondent shall be certified to the Attorney General of the United States.  The Clerk of Court is hereby **ORDERED** to serve a copy of this certification to the Office of the Attorney General of the United States and the Office of the United States Attorney for the District of Columbia by certified mail.

The Attorney General has filed a [60] Notice in response to Plaintiffs' [46] Notice of As-Applied Constitutional Challenge.  The Notice indicates that "[t]he Government is not a party to this matter and takes no position on the merits of Plaintiffs' claims."  *See* Notice, ECF No. 60, at 1.  The Attorney General "respectfully request[s] that the Court decide non-constitutional issues before reaching the constitutional question and, only if the Court finds it necessary to reach and certify the constitutional question, to respectfully request that the Court provide the Government an opportunity to participate at that stage."  *Id.* at 2.  The Attorney General continues that the "Government therefore declines to intervene at this stage of the litigation but will continue to actively follow developments in this case as it progresses, particularly regarding the constitutional question concerning 18 U.S.C. § 2333(d). If the Court does find it necessary to address the constitutional question, the Government requests a further opportunity to consider whether to provide its views at that time."  *Id.* at 3.

Pursuant to Federal Rule of Civil Procedure 5.1(c), the Attorney General has a right to intervene within sixty days after a plaintiff's notice is filed or after the court certifies a challenge, whichever is earlier, "[u]nless the court sets a later time."  *See* Fed. R. Civ. P. 5.1(c).  It is **ORDERED** that the Attorney General's deadline to intervene in this matter is **STAYED** pending further Order of this Court.  Until the deadline has expired, the Court may reject the

constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

*See id.*

    **SO ORDERED**.

Date:  August 10, 2023              _____/s/_____
                                                                         **COLLEEN KOLLAR-KOTELLY**
                                                                         UNITED STATES DISTRICT JUDGE