UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK SCHMITZ, et al.,<br><br>       *Plaintiffs*,<br><br>v.<br><br>ERICSSON INC., ERICSSON AB, TELEFONAKTIEBOLAGET LM ERICSSON, RAFIAH IBRAHIM, and BÖRJE EKHOLM<br><br>       *Defendants*. | Civil Action No. 1:22-cv-02317 (CKK) |

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

  Ericsson's Notice of Supplemental Authority correctly points out that the Supreme Court has vacated and remanded the D.C. Circuit's decision in *Atchley v. AstraZeneca UK Ltd*. "for further consideration in light of *Twitter, Inc.* v. *Taamneh*." ECF 70-01. Beyond that, Ericsson's notice is a pretext to place before the Court the government's brief recommending vacatur in *Atchley* and suggest that the government supports reversal in that case—and, implicitly, dismissal in this one. Ericsson is wrong in all respects.

  First, a government brief evaluating different allegations in another case is not "authority" at all; it is merely argument. Second, the government did not urge reversal in *Atchley*. Instead, it recommended the Supreme Court vacate and remand per "its usual practice" because *Atchley* "was rendered without the benefit of the Court's guidance in *Twitter*," which "clarified the [liability] standard . . . in ways that may bear on the [D.C. Circuit's] analysis." ECF 70-02 at 10-11. Here, the Court *does* have the benefit of *Twitter*, which both parties extensively briefed.

Ericsson's specific arguments about nexus and foreseeability are unpersuasive. Plaintiffs' statement that "a 'strict nexus between [defendants'] assistance and [a particular] attack' is not required," ECF 52 at 7, is a direct quotation from *Twitter*. 598 U.S. at 494, 498. An unequivocal proposition from *Twitter* cannot be inconsistent with *Twitter*. In any event, Plaintiffs explain in detail how "Ericsson's protection payments to the terrorists" *did* bear "a close nexus to the attacks on Plaintiffs." ECF 52 at 40-41.

Ericsson's argument about foreseeability—like the *ipse dixit* government footnote on which it is based, ECF 70-02 at 15 n.1—is even less convincing. *Twitter* unequivocally confirms that "people who aid and abet a tort can be held liable for other torts that were a foreseeable risk of the intended tort." 598 U.S. at 496. Terrorist attacks on American plaintiffs by (to choose three examples) ISIS, al-Qaeda, and al-Qaeda-in-Iraq were plainly foreseeable results of Ericsson's knowing and illegal payments to anti-American terrorists from ISIS, al-Qaeda, and al-Qaeda-in-Iraq. ECF 52 at 27-31. Nothing that may happen on remand in *Atchley* could undermine that conclusion.

Dated: June 25, 2024                                Respectfully submitted,

                                                                                     SPARACINO PLLC

                                                                                     By: /s/ Geoffrey P. Eaton

                                                                                     Geoffrey P. Eaton (DC Bar No. 473927)
                                                                                     Eli J. Kay-Oliphant (DC Bar No. 503235)
                                                                                     Ryan R. Sparacino (DC Bar No. 493700)
                                                                                     Sparacino PLLC
                                                                                     1920 L Street, NW, Suite 835
                                                                                     Washington, D.C. 20036
                                                                                     Tel: (202) 629-3530
                                                                                     geoff.eaton@sparacinopllc.com
                                                                                     eli.kay-oliphant@sparacinopllc.com
                                                                                     ryan.sparacino@sparacinopllc.com

                                                                                     *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Civil Rule 5.4(d), I hereby certify that, on June 25, 2024, I caused the foregoing notice to be electronically filed via the Court's CM/ECF system, which effected service of the document upon all counsel of record.

/s/ *Geoffrey P. Eaton*
Geoffrey P. Eaton

*Counsel for Plaintiffs*